**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| TECHNOLOGY PROPERTIES LIMITED, LLC, | § § § | |
| Plaintiff, | § § | |
| | § | Case No. 6:12-cv-00207-MHS |
| v. | § § | JURY TRIAL DEMANDED |
| HITI DIGITAL, INC. and HITI DIGITAL AMERICA, INC., | § § § § | |
| Defendants. | § | |

**DEFENDANTS' UNOPPOSED MOTION TO STAY PENDING RESOLUTION OF
PROCEEDINGS AT THE INTERNATIONAL TRADE COMMISSION**

Pursuant to 28 U.S.C. § 1659(a), Defendants HiTi Digital, Inc. and HiTi Digital America, Inc. (collectively, "Defendants") submit this motion for an order staying the above-titled action until such time as there is a final decision in a parallel proceeding before the U.S. International Trade Commission ("ITC"). Plaintiff Technology Properties Limited, LLC ("TPL") does not oppose this motion.

Section 1659(a) provides, in relevant part, that:

(a) Stay.—In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court *shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—

    (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or

    (2) 30 days after the district court action is filed,

whichever is later.

28 U.S.C. § 1659(a) (emphasis added).

There is a pending ITC Investigation involving the same issues in dispute in this civil action. TPL filed a complaint with the ITC on March 27, 2012 against Defendants under section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337. (Copy attached hereto as Exhibit A.) TPL's ITC complaint alleges violations of section 1337 based on HiTi Digital, Inc.'s asserted infringement of United States Patent No. 7,295,443, United States Patent No. 7,522,424, and United States Patent No. 7,162,549 which are the same patents at issue in this civil action. (*See* Ex. A at ¶¶ 146, 147 and 148.) TPL's ITC complaint also identifies the same HiTi Digital, Inc. product as the alleged infringing product identified in this civil action. (*See* Ex. A at ¶ 144.) Accordingly, the two proceedings involve the same issues within the meaning of 28 U.S.C. § 1659(a).

On April 27, 2012, the ITC issued a Notice of Institution of Investigation based on TPL's ITC complaint and ordered an investigation titled *In the Matter of Certain Computers and Computer Peripheral Devices and Components Thereof and Products Containing the Same*, Investigation No. 337-TA-841. On May 2, 2012, Investigation No. 337-TA-841 was instituted upon publication of the Notice of Investigation in the *Federal Register*. (A copy of the Notice of Investigation is attached hereto as Exhibit B.) Defendants were not able to file their request to stay TPL's present action within thirty days of HiTi Digital, Inc. being named as a respondent in the ITC investigation, pursuant to 28 U.S.C. § 1659(a). This, however, was for several good reasons. First, the period for HiTi Digital, Inc. to prepare a motion to stay coincided in part with Taiwan's national Labor Day holiday, annually occurring on May 1st, on which the offices of HiTi Digital, Inc. were closed. Since May 1st fell on a Tuesday in 2012, several key executives

at HiTi Digital, Inc. had vacations planned for the weekend prior to the holiday resulting in those key executives taking off workdays surrounding the holiday to make for a long weekend, including Friday April 27, 2012, Monday April 30, 2012, and Wednesday May 2, 2012. Therefore, these persons were not available to consult with counsel during this time. Second, Defendant HiTi Digital, Inc.'s efforts were focused on filing a response to the complaint and responding to discovery requests in the ITC proceeding.

Defendants make this motion without waiving any procedural rights, or defenses that may be raised by motion or otherwise under the Federal Rules of Civil Procedure or the Local Rules of this Court.

For the above stated reasons, Defendants HiTi Digital, Inc. and HiTi Digital America, Inc. request that this action be stayed as to them.


Date:  June 4, 2012

Respectfully submitted,


By: *Eric H. Findlay*
Eric H. Findlay
(Texas State Bar No. 789886)
R. Brian Craft
(Texas State Bar No. 4972020)
FINDLAY CRAFT, LLP
6760 Old Jacksonville Highway
Suite 101
Tyler, TX 75703
Telephone:  903-534-1100
Facsimile:  903-534-1137
Email:  efindlay@findlaycraft.com
Email:  bcraft@findlaycraft.com

Jenny W. Chen
CHEN IP LAW GROUP
 (California State Bar No. 205043)

        7F, No. 1, Alley 30, Lane 358, Rueiguang Road
Neihu District
Taipei, Taiwan 114
Telephone: +886.2.7721.8855
Facsimile: +886.2.7721.8822
Email: Jenny.Chen@ChenIPLaw.com

Vinay V. Joshi
EASTWIND CONSULTANTS COMPANY LIMITED
(California State Bar No. 213487)
127 Public Square
57th Floor
Cleveland, OH 44114
Telephone: 408-893-1512
Facsimile: 216-696-8731
Email: vjoshi@thepatentattorneys.com

*Counsel for Defendants HiTi Digital, Inc. and HiTi Digital America, Inc.*

## CERTIFICATE OF SERVICE

    This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 4th day of June, 2012.  Any other counsel of record will be served via facsimile transmission and first class certified mail, return receipt requested.

        *Eric H. Findlay*
        Eric H. Findlay

## CERTIFICATE OF CONFERENCE

I certify that, in compliance with the requirements of Local Rule CV-7(h), I met and conferred with counsel for Plaintiff Technology Properties Limited, LLC by phone regarding the foregoing motion and counsel for Plaintiff has stated that Plaintiff does not oppose the stay requested.

>*/s/ Vinay V. Joshi*
>Vinay V. Joshi